*647 OPINION.
Teammele :
We will consider first the question of whether the petitioners are liable as transferees for the tax liability of the Oxygen Co., as determined by the respondent. The petitioners admit that they each as stockholders received in dissolution of the company assets and property of a value in excess of the amount proposed for assessment against them by the respondent together with interest thereon. They, however, contend that the tax liability of the Oxygen Co. has been paid by the Air Reduction Co. and, therefore, there remains no unpaid tax liability of the Oxygen Co. that may be asserted against and collected from them as transferees. The respondent contends that the record shows that the Air Reduction Co. paid considerable value for the assets of the Oxygen Co.; that for some time after the exchange the Oxygen Co. had ample assets from which to pay any asserted liability for taxes; that the payment by the Air Reduction Co. was not, and was not intended by it as, a payment of the liability herein sought to be collected. He urges that the payment by the Air Reduction Co., which was made under protest and accompanied by a claim for refund, was made for the purpose of preventing the seizure and sale of its assets and not in discharge of the tax liability of the Oxygen Co.
*648 Ordinarily, where a corporation without providing for the discharge of its tax liability distributes all of its assets to its stockholders, thereby becoming insolvent and then dissolves, each of the stockholders is liable as transferee for the unpaid tax to the extent of the value of the assets received by him. Annie G. Phillips et al., Executors, 15 B. T. A. 1218; affd., 283 U. S. 589; McDonald v. Commissioner, 52 Fed. (2d) 920. The petitioners therefore are liable as transferees for the payment of the tax in controversy unless there is something in the facts presented that relieves them of that liability. They rely on the payment made by Air Reduction Oo. as having extinguished the tax in controversy and likewise as having discharged any liability they may have had to make payment to the Government. If the tax has been paid the liability of the petitioners to make payment thereof has been extinguished. Sara E. Carpenter, 16 B. T. A. 98.
Can it be said on the facts here presented that the payment made by the Air Reduction Co. constituted a payment of the tax by the Oxygen Co? We think the answer must be yes. The record here shows that the respondent, in accordance with section 272 of the Revenue Act of 1928, issued a deficiency notice to the Air Reduction Co. wherein he proposed under section 311 of the Act of 1928 a deficiency in tax of $14,976.55 (the amount here in controversy) against that company as transferee of the Oxygen Co. No timely appeal to this Board was taken by the Air Reduction Co. from the respondent’s determination. Thereafter the respondent made an assessment of the deficiency against the Air Reduction Co. Subsequently the Air Reduction Co. under protest made payment of the amount of the deficiency, together with interest thereon. The payment was accompanied by a claim for refund, which was based on the contention that the Air Reduction Co. was a purchaser for value of the assets and business of the Oxygen Co. and therefore was not liable as a transferee of that company. This claim has never been acted upon by the respondent.
The respondent’s action in proceeding against the Air Reduction Co. is entitled to be considered as proper and correct. Whether the Air Reduction Co. was liable as a transferee is not a question for our determination, and we therefore express no opinion as to its liability. That company is not before us. Inasmuch as the respondent has never refunded to nor taken any steps to refund to the Air Reduction Co. the payment made by it, and as he here does not propose to refund it, he apparently is of the opinion that it was properly collected and therefore is not refundable. The respondent has continued for more than three years to retain the payment, notwithstanding the fact that a claim for the refunding of it has been pending before *649 him throughout the entire period. Such action in our opinion negatives his contention here that the payment was not, and was not intended as, a payment of the liability here sought to be collected. The respondent can collect the deficiency in tax of the Oxygen Co. only once. Woodley Petroleum Co., 16 B. T. A. 253. Having collected the amount of such deficiency from the Air Reduction Co. the liability of the petitioners was extinguished and the respondent can not collect it from them. We therefore sustain the contention of the petitioners and hold that they are not liable as transferees of the Oxygen Co.
Having reached the conclusion that the petitioners are not liable as transferees of the Oxygen Co. it becomes unnecessary to consider the remaining issues, which relate to the correctness of the amount of the deficiency in tax of that company as determined by the respondent.

Decision will l>e entered for the 'petitioners.